WOODWARD INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97964.   Promulgated March 13, 1942.

*W. A. Sutherland, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

### OPINION.

BLACK: The Commissioner determined a deficiency of $5,397.43 in income tax against petitioner for the year 1936.   The ground for the determination of the deficiency is stated in the deficiency notice as follows:

Your contention that, in the computation of the surtax on undistributed profits as provided in section 14 of the Revenue Act of 1936, you are entitled to a credit for dividends paid of a portion of a distribution in liquidation in the amount of $112,800.00 is denied for the reason that under the provisions of section 27 (f) of the Revenue Act of 1936 this office considers that no portion of the distribution is properly chargeable against earnings or profits accumulated since February 28, 1913.

To this determination of the Commissioner, the petitioner has assigned error, as follows:

(a) The failure of the Commissioner to allow as a dividend paid credit a portion of a liquidating dividend paid on Dec. 31, 1936, which credit exceeds the adjusted taxable income for the year and would eliminate the additional tax proposed.

In an amended answer the Commissioner affirmatively pleaded that petitioner's net income as determined in the deficiency notice should be increased by $21,791.66 and that the deficiency should be increased accordingly.   The parties have settled the issue raised by the Commissioner's amended answer by stipulating that the income of petitioner shown in the notice of deficiency should be increased by $10,833.33.

The facts have all been stipulated and as stipulated are adopted as our findings of fact. The following statement of certain of the facts stipulated will suffice for the purpose of this opinion.

The petitioner was incorporated under the laws of Georgia in 1906, and was dissolved in 1938, following the complete liquidation of its property to its sole stockholder.

Petitioner filed its income tax return for the year 1936 with the collector of internal revenue for the district of Georgia on March 12, 1937.

The petitioner showed no undistributed profits tax to be due on such return. It claimed a dividends paid credit in excess of the adjusted net income shown on its return. The Commissioner disallowed the entire dividends paid credit claimed and proposed to assess undistributed profits tax of $5,397.43.

A final liquidation of petitioner was begun in December 1936, and, in accordance with the plan originally adopted before the liquidation began, the liquidation of the corporation was completed within two years, the final distribution being made on August 31, 1938. When the first distribution was made, on December 31, 1936, petitioner had capital and surplus as follows:

| | |
|---|---|
| Capital stock | $150,000.00 |
| Paid in surplus prior to 3–1–13 | 21,000.00 |
| Earned surplus before March 1, 1913 | 6,563.25 |
| Appreciation 3–1–13 realized in later years | 49,874.07 |
| Earned surplus after 3–1–13 | 218,223.95 |
| Total | 445,661.27 |

The distribution made on December 31, 1936, pursuant to a resolution of liquidation, consisted of cash and property having a total cost basis of $112,800 and a fair market value of $149,280.

Marion Woodward was the sole stockholder of petitioner. The two qualifying shares which stood in the name of others belonged to her, and the correct cost basis of petitioner's stock which she owned was $424,300. The liquidating dividend of $149,280 paid in cash and property which she received in 1936 was less than the cost basis of her stock and she had no gain from the liquidation distribution in 1936. In 1937 she received another liquidating dividend from petitioner in cash and property, amounting to $367,557.96. Of this amount $275,020 was necessary to exhaust her cost basis of $424,300 and the balance of $92,537.96 has been agreed to by her and the Commissioner as the capital gain on which the tax is payable in 1937. The amount which she received in 1938 upon the completion of the final liquidation of petitioner was $130,364.60, all of which, with the exception of proposed taxes and expenses amounting to $5,887.56, was reported by her as capital gain in 1938. The year 1938 is still open and subject to adjustments for any change in the amount of taxes due by petitioner to

650

the Federal Government for 1936. There was no distribution by petitioner in 1936 other than the liquidating dividend to which reference has already been made.

We do not understand the respondent to contend that the distribution of cash and property made by petitioner to its sole stockholder in December 1936 was not one of a series of distributions made pursuant to a plan for the complete liquidation of petitioner. Clearly, from the facts stated above and the resolutions of distribution which are a part of the record in this case, the distribution made December 31, 1936, was a part of such plan. Nor do we understand respondent to contend that petitioner's sole stockholder did not ultimately account in her income tax returns for all profits which she realized from the liquidation of her stock in petitioner. What the respondent does contend is that, inasmuch as the liquidating dividend which was paid to petitioner's sole stockholder in 1936 was less than the cost basis of her stock, she was not "taxable" thereon within the meaning of the statute and petitioner is not entitled to any credit for a dividends distribution by reason of such liquidating dividend. We do not think that respondent's contention finds any support in either the law or the applicable Treasury regulations. The applicable statute is section 27 (f) of the Revenue Act of 1936, printed in the margin.[1] The applicable Treasury regulations are printed in the margin.[2]

In the regulations which are printed in the margin, it is clear that a dividends paid credit resulting from a distribution made in liquidation of a corporation is conditioned upon two things: (1) The amounts distributed in liquidation must be those which are treated as received in payment in exchange for the stock; and (2) the gain or loss from such exchange must be one that is recognized under the provisions of section 112. It seems perfectly clear that both conditions are met in the instant case.

---

[1] (f) DISTRIBUTIONS IN LIQUIDATION.—In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid.

[2] ART. 27 (f)–1. [Regulations 94.] Dividends paid credit for distributions in liquidation.—(a) Distributions which diminish earnings or profits.—To the general rule that the dividends paid credit is allowable only with respect to taxable dividends paid, section 27 (f) makes one exception, namely, for that part of an amount distributed in liquidation which, under the Act, constitutes a distribution of, and is properly chargeable to, earnings or profits accumulated after February 28, 1913. Thus, a distribution either in complete or partial liquidation of a corporation is treated by the Act as one constituting in part a distribution of, and being properly chargeable to, earnings or profits, if—

(1) Under the provisions of section 115 (c), the amounts distributed in liquidation are treated as received in payment in exchange for the stock; and
(2) Under the provisions of section 112, the gain or loss, if any, from such exchange is recognized.

In such a case, a dividends paid credit is allowable for the amount actually involved in such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, even though the method of taxation of the distribution is that ordinarily

Respondent does not dispute but that the distribution made in the taxable year was one of a series of distributions which resulted in the complete liquidation of petitioner and that therefore the amount received in the taxable year by petitioner's sole stockholder was received in partial payment for her stock. The facts which have been stipulated show clearly that this was true. He seems ·to contend, however, that the gain or loss resulting from such distribution was not one which, under the provisions of section 112, was recognized merely because the amount distributed in 1936 was not equal to the cost basis of the sole stockholder's stock. It seems to us that such contention is clearly untenable. It is frequently the case, where there are a series of distributions made in liquidation of a corporation which extend over a period of more than one year, that in the year of the first distribution the stockholders may not receive the cost basis of their stock. In fact, where there are a number of stockholders who have purchased their stock at different times and at different prices, some stockholders may receive the full cost of their stock and more in the 'first year of distribution and have a taxable gain to report in that year from the liquidation distribution, whereas other stockholders who bought their stock at higher prices may have no gain to report in such first year of distribution and may not have received, in that year, the full cost basis of their stock. Such varying circumstances have nothing to do with the legal fact that gain or loss, if any, resulting from such liquidation distributions is recognized under the provisions of section 112. Respondent's contention on this point is, therefore, not sustained.

It remains only for us to determine how much of the distribution made in 1936 is to be allocated to earnings and profits accumulated by petitioner after February 28, 1913. The facts which have been stipulated show that petitioner had earned surplus after March 1, 1913, of $218,223.95. Its total capital and surplus was $445,661.27. The distribution made by petitioner December 31, 1936, consisted of

---

employed with respect to the gain or loss realized and recognized upon an exchange, rather than that employed with respect to a taxable dividend.

\* \* \* \* \* \* \*

(b) *Amount properly chargeable to earnings or profits.*—In the case of a distribution in liquidation with respect to which a dividends paid credit is allowable (see paragraph (a) of this article) the amount of the credit is equal to the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913. To determine the amount properly chargeable to the earnings or profits accumulated since February 28, 1913, there must be deducted from the amount of the distribution that part allocable to capital account. The capital account, for purposes of these regulations, includes not only amounts representing the par or stated value of the stock with respect to which the liquidating distribution is being made but also that stock's proper share of the paid-in surplus, and such other corporate items, if any, which, for purposes of income taxation, are treated like capital in that they are not taxable dividends when distributed but are applied against and reduce the basis of the stock. The remainder of the distribution in liquidation is, ordinarily, properly chargeable to the earnings or profits accumulated since February 28, 1913. \* \* \*

cash and properties having a total cost basis to petitioner of $112,800 and a fair market value of $149,280. Of the property and cash thus distributed by petitioner in 1936 petitioner contends that it is entitled to a dividends paid credit under section 27 (f) of at least $55,226.88. Petitioner computes such credit in the following manner:

$$\frac{\$218,223.95}{\$445,661.27} \text{ or } 48.96\% \text{ of } \$112,800 \text{ equals } \$55,226.88.$$

We think this computation is made in accordance with article 27 (f)-1 (b) of Regulations 94, *supra*. Therefore, of the $112,800 property (cost basis) and cash distributed by petitioner in liquidation December 31, 1936, $57,573.12 should be charged to capital account, for which petitioner is not entitled to receive any dividends paid credit, and $55,226.88 should be charged to petitioner's earned surplus accumulated since February 28, 1913. Petitioner is entitled to receive a dividends paid credit for this latter amount under the statute and regulations which we have cited and discussed.

In addition to the foregoing contentions of respondent which we have stated, he also contends that subdivision (h) of section 27 forbids any dividends paid credit to petitioner for the liquidating distribution which it made December 31, 1936. Section 27 (h) is printed in the margin.[3] It seems clear to us that this section has no application to a distribution in liquidation where the gain or loss is recognized to the stockholders upon exchange of their stock in liquidation. Section 27 (f) and article 27 (f)-1 of Regulations 94, as we have already endeavored to point out, cover such a situation. Even in cases where the liquidation distribution falls under the provisions of section 112 (b) (6) of the Revenue Act of 1936 and no gain or loss is recognized to the stockholder, the Board has held that section 27 (h) does not limit section 27 (f) and that the dividends paid credit must be allowed to the corporation making the distribution in liquidation. *Credit Alliance Corporation*, 42 B. T. A. 1020; affd., 122 Fed. (2d) 361; certiorari granted, 314 U. S. 604; *Lane-Wells Co.*, 43 B. T. A. 463; *Crown Zellerbach Corporation*, 43 B. T. A. 541; *California Brewing Association*, 43 B. T. A. 721. See also *Commissioner* v. *Kay Manufacturing Co.*, 122 Fed. (2d) 443; certiorari applied for October 21, 1941.

Regardless of what action the Supreme Court may take in the *Credit Alliance Corporation* case and the *Kay Manufacturing Co.*, case, we do not think that it can affect in any way the issue we have to decide in the instant case. In the *Credit Alliance* case and the *Kay Manufacturing Co.* case, the distributions which were made in

---

[3] (h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

liquidation were made by the subsidiary corporations to their parent corporations and section 112 (b) (6) expressly provided that no gain or loss should be recognized to the parent corporation in that kind of liquidation distribution. Section 112 (b) (6) of the Revenue Act of 1936 is printed in *Credit Alliance Corporation, supra,* and need not be printed here. Suffice it to say that in the instant case it is clear that the nonrecognition provisions of section 112 (b) (6) of the Revenue Act of 1936 have no application.

*Decision will be entered under Rule 50.*